New Orleans & Northeastern Railroad Co., et al. *v.* Dixie Highway Express, Inc.

No. 40369          February 4, 1957          92 So. 2d 455

*Floyd, Cameron & Deen,* Meridian, for appellants.

*Snow & Covington,* Meridian, for appellee.

ARRINGTON, J.

Appellee, Dixie Highway Express, Inc., brought this suit in the Circuit Court of Lauderdale County against appellant railroad and Earl V. McElwee, the engineer of the train. Appellant's freight train ran into the rear of appellee's trailer-truck at a crossing in the City of Picayune. The circuit court granted a peremptory instruction for the plaintiff-appellee in the amount of damages to the trailer, $4,934.99.

██ █ We have carefully considered the evidence, and have concluded that appellant railroad and its engineer were guilty of negligence which was a proximate cause of the damages, and that appellee was entitled to a peremptory instruction on liability.

Code of 1942, Section 1454, the comparative negligence statute, provides that the fact that the owner of property or the one having control over it "may have been guilty of contributory negligence shall not bar a recovery but damages shall be diminished by the jury in proportion to the amount of negligence attributable to the person injured, or the owner of the property, or the person having control over the property." Code Section 1455 provides, "All questions of negligence and contributory negligence shall be for the jury to determine."

Since there was a direct conflict in the testimony of McElwee, the engineer and joint defendant, and Edward J. Ledet, the driver of the truck, as to whether and when Ledet saw or should have seen the approaching train, and as to whether the truck driver was negligent in driving upon the track at the time he did, we think that it was a question for the jury to determine his contributory negligence, if any, and further to determine whether, under the comparative negligence statute, the damages suffered by appellee should be diminished accordingly. It was also a question for the jury, on the issue of damages, as to whether the engineer's negligence was an intervening, sole proximate cause of the collision, and

whether the last clear chance doctrine applies thereto. For these reasons the judgment of the circuit court for appellee is affirmed as to liability, and the case is reversed and remanded for submission to a jury on the issue of damages alone.

Affirmed as to liability, reversed and remanded on damages.

*McGehee, C. J.*, and *Kyle, Ethridge* and *Gillespie, JJ.*, concur.